# The IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00003-MR

| | |
|---|---|
| **RAMAR DION BENJAMIN CRUMP,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **FNU DOTSON, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [Doc. 6].

**I.   BACKGROUND**

The incarcerated Plaintiff, proceeding *pro se*, filed this civil rights action addressing incidents that allegedly occurred at the Marion Correctional Institution. He names as Defendants: FNU Dotson and FNU Brookshire, who appear to be mailroom staff; FNU Swink a program supervisor; and Ben Carver, the superintendent.

The Plaintiff alleges that "mailroom staff" have "repeatedly violated privileged legal mail by opening it outside [Plaintiff's] presence & sending legal correspondence to [him] without envelope." [Doc. 1 at 2]. As injury, Plaintiff alleges that "Defendants have interfered & interrupted 'attorney-

client' privileged mail & have prevented [Plaintiff] from providing legal information requested by attorney because [Plaintiff] fear[s] such secret information will be read & potentially abused out of context." [Id. at 3]. He seeks injunctive relief and any other relief the Court deems appropriate. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a general matter, prisoners have the First Amendment right to both send and receive mail.  See Thornburgh v. Abbott, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974).  Restrictions on this right are valid if they are reasonably related to legitimate penological interests.  Turner v. Safley, 482 U.S. 78, 89 (1987); see Haze v. Harrison, 961 F.3d 654, 658 (4th Cir. 2020) (noting that Turner applies to both convicted prisoners and pretrial detainees).  "[L]egal mail is widely recognized to be privileged and confidential — even in the context of prisons — which suggests that an incarcerated person's expectation of privacy in his legal mail is one 'that society is prepared to consider reasonable.'" Haze, 961 F.3d at 660 (quoting United States v. Catellanos, 716 F.3d 828, 832 (4th Cir. 2013)).  A prison rule requiring that legal mail be opened in the presence of the inmate, without

being read, does not infringe on a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 575–77 (1974).

Here, the Plaintiff alleges that "mailroom staff," whom he appears to identify as Defendants Dotson and Brookshire, have repeatedly opened his legal mail outside of his presence. Taking these allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court concludes that the Plaintiff has sufficiently stated a First Amendment claim against Defendants Dotson and Brookshire to survive initial review.

However, Plaintiff has failed to allege that prison administrators Defendants Swink and Carver were involved in, or were even aware of, any mishandling of his legal mail. See Fed. R. Civ. P. 8(a) (a complaint must contain a short and plain statement of the claim); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Therefore, the claims against Defendants Swink and Carver are insufficient to proceed at this time and will be dismissed without prejudice.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim upon which relief can be granted under § 1983 as to Defendants Swink and Carver. The Plaintiff's First Amendment claim against Defendants Dotson and Brookshire for mishandling his legal mail is minimally sufficient to proceed.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only with respect to the Plaintiff's First Amendment claims against Defendants Dotson and Brookshire.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The First Amendment claim against Defendants Dotson and Brookshire survives initial review.

(2)   The Plaintiff's claims against Defendants Swink and Carver are hereby **DISMISSED**.

(3)   The Plaintiff shall have thirty (30) days from the entry of this Order in which to amend the Complaint in accordance with the terms of this Order.  If the Plaintiff fails to so amend his Complaint, the matter will proceed against Defendants Dotson and Brookshire as provided in this Order.

(4)   The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 complaint form.

**IT IS SO ORDERED**.

Signed: June 30, 2021

Martin Reidinger
Chief United States District Judge